IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EZZARD O. TAYLOR,                          )
                                           )
      Plaintiff,                       )
                                           )
                                           )    CIVIL ACTION NO. 2:15-CV-138-MHT
                                           )                   [WO]
      v.                               )
                                           )
LOWNDES COUNTY JAIL and                    )
LOWNDES COUNTY SHERIFF'S OFFICE,           )
                                           )
      Defendants.                      )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Ezzard O. Taylor ("Taylor"), an indigent inmate incarcerated at the Lowndes County Jail,

initiated this 42 U.S.C. § 1983 action on March 2, 2015.  In the complaint, Taylor challenged the

lack of a law library in the jail and co-payments required of him for medication.  Taylor also

appeared to challenge the basis for his incarceration and actions relevant to the constitutionality

of pending criminal charges.  Taylor named only the Lowndes County Jail and Lowndes County

Sheriff's Office as defendants.

A review of the complaint revealed numerous deficiencies with the pleading.  The court

therefore issued an order which, in relevant part, reads as follows:

> Initially, the court notes that neither a county jail nor a sheriff's office is
> a legal entity subject to suit or liability under 42 U.S.C. § 1983.  *See Dean v.*
> *Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  Thus, the claims lodged against
> the Lowndes County Jail and the Lowndes County Sheriff's Office are frivolous
> as such claims are "based on an indisputably meritless legal theory."  *Neitzke v.*
> *Williams*, 490 U.S. 319, 327 (1989).  In addition, the mere fact that an inmate is
> charged a nominal fee or co-payment for medication or medical treatment does
> not in any way deprive him of a protected right, privilege or immunity.  *Shapley*
> *v. Nevada Board of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir.

1985) (imposition of fee for medical treatment provided to an inmate does not amount to a constitutional violation); *Bester v. Wilson*, 2000 WL 1367984 at *8 (S.D. Ala. August 18, 2000) ("[T]he charging of a fee to prisoners for medical treatment from their [available] funds has been held to be constitutional when challenged on several due process and Eighth Amendment grounds.").

With respect to the plaintiff's claim referencing an improper interrogation, this claim entitles him to relief as "a claim for a *Miranda* violation is not cognizable under § 1983. *Jones v. Cannon*, 174 F.3d 127-1290-91 (11th Cir. 1999)." *Dollar v. Coweta County Sheriff's Office*, 446 Fed. App'x 248, 251-252 (11th Cir. 2011); *Wright v. Dodd*, 438 Fed. Appx. 805, 807 (11th Cir. 2011) (same).  In addition, any claims which go to the validity of the plaintiff's confinement in the jail are not proper in a 42 U.S.C. § 1983 action as habeas corpus is the exclusive remedy for such claims. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Moreover, if the plaintiff is awaiting trial and seeks to challenge evidence which may be used against him, this challenge should be presented to the trial court as this court must abstain from interfering with pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971).  The plaintiff is further advised that the Sheriff is not . . . required to provide him access to any favorable program such as GED classes nor does he have any protected interest in being housed only with pre-trial detainees.  Finally, any claims on which the plaintiff may wish to proceed arising from his arrest are separate and distinct from claims addressing the conditions of the Lowndes County Jail and, therefore, must be presented in a separate cause of action.

*Order of March 6, 2015 - Doc. No. 4* at 1-3 (footnotes omitted).

Based on these findings, the court ordered Taylor to file an amended complaint. *Id*. at 3.  In so doing, the court provided detailed instructions advising Taylor of the manner in which to file the amended complaint and furnished him a copy of the form used by prisoners to file civil actions to aid in filing the amended complaint. *Id*.  The court also specifically cautioned Taylor that his failure to file an amended complaint in compliance with the directives of the order would result in a Recommendation that this case be dismissed. *Id*. at 4.  The time allowed Taylor to file the amended complaint expired on March 25, 2015.  As of the present date, Taylor has failed to

file an amended complaint as required by this court.

In light of Taylor's failure to file the necessary amended complaint, the court concludes that this case should be dismissed without prejudice. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply, noting that inmate was provided with "a standard form [and] a clear description of what her complaint should contain" ); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint as directed by the order of this court.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 20, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 6th day of April, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE